**In the Matter of Ronald W. MORRIS.**

**No. 1081S302.**

Supreme Court of Indiana.

Oct. 15, 1982.

Ronald W. Morris, pro se.

Thomas J. Opsut, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This proceeding is before the Court on a single count complaint filed by this Court's Disciplinary Commission. In accordance with the procedures set forth under Admission and Discipline Rule 23, this cause was heard by an appointed Hearing Officer who has now tendered findings of fact and conclusions of law. Neither party has petitioned this Court for review of these findings and conclusions.

Upon examination of the matters which are before the Court, we now adopt and accept as our own the tendered findings of the Hearing Officer. Accordingly, this Court now finds that the Respondent is an attorney at law admitted to practice in this State. By order of this Court, the Respondent was privately reprimanded on September 12, 1980, for misconduct involving neglect of a legal matter entrusted to him.

In March, 1980, the Respondent was retained to file a personal bankruptcy and was paid in full. This proceeding was filed, a meeting of the creditors was held and after a hearing on August 5, 1980, this client was discharged in bankruptcy. Subsequently, the client sought Respondent's advice concerning the sale of an automobile. Title to this vehicle was held by a loan company which did not appear or file a claim in the bankruptcy. At this time Respondent advised his client to wait a couple of weeks after which Respondent would contact the loan company. From the mid part of September, 1980, until late October, 1980, this client unsuccessfully attempted to contact the Respondent concerning the title question; telephone messages were left, but not returned. On or about October 31, 1980, the Respondent telephoned his client and advised him that the Respondent would contact the loan company. Attempts at further contact with the Respondent were unsuccessful and eventually this client corrected the problem by dealing directly with the loan company.

In view of the above findings, this Court now concludes that the Respondent violated Disciplinary Rule 6–101(A)(3), in that he neglected a legal matter entrusted to him, and violated Disciplinary Rules 1–102(A)(5) and (6), in that he engaged in conduct prejudicial to the administration of justice which adversely reflects on his fitness to practice law.

Having found misconduct in this matter, this Court must now impose an appropriate sanction. It should be obvious that the legal profession cannot condone the disregard of a client as presented by this case. The Respondent was employed to complete

the bankruptcy. Competent professional representation demanded the completion of the task which was ignored by the Respondent.

Were the misconduct found in the present case the first and only suggestion of neglect, this Court would be inclined to view such impropriety as minimal. But in the present cause the neglect occurred at the very time the Respondent was being disciplined by this Court for another act of negligence. It appears to this Court that our prior leniency was misunderstood.

This Court recognizes the serious consequences of professional neglect and will not condone conduct as found in this case. If a warning is not sufficient, a more serious sanction must be imposed.

In view of the above considerations, this Court now finds that a period of suspension is in order. It is therefore ordered that the Respondent be and he hereby is suspended from the practice of law for a period of ninety (90) days beginning November 18, 1982. At the conclusion of such suspension the Respondent shall be automatically reinstated pursuant to Admission and Discipline Rule 23, Section 4(b).

Costs of this proceeding are assessed against the Respondent.