**In the Matter of R. Victor STIVERS.**

**No. 682S217.**

Supreme Court of Indiana.

July 8, 1983.

Duge Butler, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Supreme Court of Indiana and the Respondent herein, R. Victor Stivers, have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has also tendered his affidavit as required by Ind.R. A.D. 23, Section 17(a).

Upon examination of said agreement, this Court finds that it should be approved. In accordance therewith, this Court finds that the Respondent is a member of the Bar of this State and presently maintains an office for the practice of law in Indianapolis.

The Respondent was charged by a Verified Complaint with neglecting the cases of two clients. The agreed facts establish that on or about February 16, 1977, McArthur Miller, a criminal defendant in the Marion County Criminal Court, advised the court that he had hired the R. Victor Stivers firm to represent him. Thereafter, Morris Tabak, an employee of the firm, appeared for Miller and Michael Siegel, an associate of the firm, represented Miller at his trial on July 18, 1977. Miller was convicted and on or about August 18, 1977, he indicated he wanted to appeal his conviction. In October, Siegel left the firm. The firm of R. Victor Stivers and Associates had been paid One Thousand Dollars ($1,000) by Rose Jones to perfect the appeal for Miller. A transcript of the evidence was ordered and received but the firm failed to perfect the appeal.

R. Victor Stivers was retained by Thomas R. Calbert to file a petition for post conviction relief in the Marion Superior Court, Criminal Division I. Stivers was paid a retainer fee of $1,000 on or about January 12, 1981. The Respondent filed a petition for shock probation on or about March 7, 1981, which petition was denied on March 8, 1981. The Respondent wrote letters to Calbert dated April 29, 1981, September 29, 1981, and October 12, 1981, in which he misrepresented to Calbert that he had filed a petition for post conviction relief and was taking action thereon in behalf of Calbert. However, the Respondent had failed to file such petition.

By the foregoing conduct the Respondent neglected a legal matter entrusted to him, failed to carry out a contract of employment, and prejudiced and damaged his client during the course of the professional relationship, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.* Furthermore, the Respondent engaged in conduct involving misrepresentation, conduct which is prejudicial to the administration of justice, and conduct which adversely reflects on his fitness to practice law, in violation of Disciplinary Rule 1–102(A)(4), (5) and (6).

In both of the foregoing instances, the Respondent had the ultimate responsibility to perform the legal services for which he and his firm had been hired and paid. The Respondent not only neglected his clients but, in the case of Calbert, he repeatedly misrepresented the status of the action. By undertaking to represent these clients, the Respondent assumed the most basic and elementary duty to diligently and competently represent them. He failed in this basic obligation. As we stated in *In re Morris,* (Ind.1982) 440 N.E.2d 675, this Court realizes the serious consequences of professional neglect and will not condone such conduct. This is especially true when, as in this instance, the conduct involves

repeated behavior and is accompanied by misrepresentations.

In light of the foregoing considerations and under the circumstances of this cause, this Court finds that the agreed-to discipline, a suspension for a period of thirty (30) days, is appropriate. It is, therefore, ordered that the Respondent is suspended from the practice of law in the State of Indiana for a period of thirty (30) days beginning August 8, 1983.

Costs of this proceeding are assessed against the Respondent.