### In the Matter of Charles W. JONES.

### No. 182S6.

Supreme Court of Indiana.

Nov. 9, 1983.

---

Charles W. Jones, pro se.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

### PER CURIAM.

The Disciplinary Commission of the Supreme Court of Indiana and the Respondent herein, Charles W. Jones, have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has further tendered his affidavit in accordance with the requirements of Ind.R.A.D. 23, Section 17(a).

Upon examination of the statement and agreement, this Court finds that it should be approved. Accordingly, we find that the Respondent is a member of the Bar of this State and maintains an office for the practice of law in Bedford, Indiana, and, accordingly, is subject to professional discipline by this Court.

The Respondent represented Gerald G. Kinser, Sr., a defendant in a criminal matter, and upon Kinser's conviction, was appointed pauper counsel for an appeal. As such, the Respondent filed a Motion to Correct Error, which motion was overruled on December 12, 1980, a Petition to Set Bail Pending Appeal, which petition was denied on January 14, 1981, and a Praecipe for the Transcript on January 14, 1981. Thereafter the Respondent took no further action on behalf of Kinser. Kinser had been informed by the Respondent by a letter dated November 17, 1980, that his appeal had been filed, when in fact, no appeal had been filed.

By such conduct the Respondent neglected the legal matter entrusted to him and failed to carry out a contract of employment, thereby violating Disciplinary Rules 6–101(A)(3) and 7–101(A). Furthermore, such conduct is prejudicial to the administration of justice, reflects adversely on Respondent's fitness to practice law, and is thus violative of Disciplinary Rules 1–102(A)(5) and (6).

The foregoing findings and conclusions establish Respondent's neglect of the Kinser appeal and misrepresentations as to its status. As we have previously stated in *In re Stivers,* (1983) Ind., 450 N.E.2d 531, and *In re Morris,* (1982) Ind., 440 N.E.2d 675, this Court will not condone professional neglect and its serious negative consequences. Therefore, we find that, under the circumstances of this case, the agreed discipline, a public reprimand, is appropriate and should be imposed. It is therefore ordered that the Respondent be and he hereby is reprimanded.

Costs of this proceeding are assessed against the Respondent.