**In the Matter of R. Victor STIVERS.**

No. 49S00–8701–DI–16.

Supreme Court of Indiana.

Dec. 21, 1987.

Duge Butler, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

This case is before us on a conditional agreement for discipline entered into between the Respondent, R. Victor Stivers, and the Indiana Supreme Court Disciplinary Commission and tendered to this Court for approval. The Respondent has also submitted his affidavit as required by Admission and Discipline Rule 23, Section 17(a). The agreement emanates from a Verified Complaint for Disciplinary Action filed by the Commission charging the Respondent with violating the *Code of Professional Responsibility for Attorneys at Law* by entering into an agreement for a contingent fee in a criminal case.

Upon review of the submitted matters, we find, as the parties have agreed, that the Respondent was employed by Larry Jensen to seek a reduction or suspension of a sentence handed down in the Marion County Municipal Court. The Respondent's fee was to be one thousand five hundred dollars ($1,500) if successful and only five hundred dollars ($500) if the Respondent failed to get Jensen released. At the time it was negotiated, the fee arrangement was clearly prohibited by Disciplinary Rule 2–105(C) of the *Code*. Similar provisions are contained in Rule 1.5(d)(2) of the newly adopted *Rules of Professional Conduct*. Accordingly, we conclude, as the parties have agreed, that by entering into the fee agreement set out above, the Respondent engaged in misconduct. We find further that the agreed discipline, a public reprimand, is the appropriate sanction under the circumstances of this case.

IT IS, THEREFORE, ORDERED that the Statement of Circumstances and Conditional Agreement tendered in this case is approved, and the Respondent, R. Victor Stivers, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.