In the Matter of R. Victor STIVERS.

No. 49S00–9408–DI–685.

Supreme Court of Indiana.

April 6, 1995.

Duge Butler, Jr., Butler, Brown & Blythe, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Donna McCoy Spear, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission alleges that Respondent R. Victor Stivers, while representing a client in relation to an employment dispute, violated several provisions of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind. Admission and Discipline Rule 23, Section 11(g), Respondent and the Disciplinary Commission have reached an agreed resolution of this matter, in which Respondent admits misconduct and agrees to a public reprimand. Their agreement is now before this Court for approval. Along with the agreement, Respondent has tendered an affidavit satisfying the requirements of Admis.Disc.R. 23(17)(a). This Court has jurisdiction of this matter by virtue of Respondent's admission to this state's Bar in 1967.

We find that the agreement should be approved. We herein set forth the facts and circumstances of this case.

An individual (the "client") was dismissed from his job in June, 1986. Following formal denial of unemployment benefits, the client contacted Respondent on November 11, 1986 to appeal the decision. Additionally, the client retained Respondent to attempt to resecure his job with the former employer, apparently by way of an action for wrongful termination. Respondent advised that his retainer fee for the case was $250.00. The client paid Respondent approximately $94.00 on January 30, 1987 toward that fee.

The deadline for filing an appeal of the denial of unemployment compensation was November 11, 1986. Respondent missed the deadline. Instead, on January 27, 1987, some two months after the deadline, Respondent wrote a letter to the Indiana Employment Security Division requesting an appeal.

In pursuance of his client's second objective, Respondent wrote a letter to the client's union on February 12, 1987, therein requesting assistance in securing his client's reinstatement to his former job. Several days passed before union representatives replied that such attempts had already been tried with no success, but that the union would be available to assist Respondent.

Close to two years later, Respondent informed the client by letter that Respondent was still in the process of evaluating the claim for wrongful termination, and advised the client that he still owed $156.00 toward the quoted retainer fee. The client paid Respondent the remainder of the fee.

By letter dated April 12, 1989, Respondent informed his client that evaluation of his claim of wrongful termination continued. The next month, again via letter, Respondent advised his client that he was still waiting for

remittance of the $156.00, and that evaluation of the wrongful termination case could not be completed without it. The client reminded Respondent that the entire retainer already had been paid.

Respondent never in fact pursued a wrongful termination action on behalf of the client and never informed his client that he thought such an action was without merit. In October 1991, the client requested a refund of the retainer. Respondent refunded $100.00 of the retainer, despite the fact that, by then, Respondent had lost the client's file.

The Commission has charged Respondent with violating Ind. Professional Conduct Rule 1.3, which provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." We conclude that Respondent violated Prof.Cond.R. 1.3 by his consistent lack of timely, diligent action on behalf of his client. The Commission also alleged violation of Prof.Cond.R. 1.4, which provides:

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

We now find that Respondent violated Prof.Cond.R. 1.4 by failing to keep his client reasonably informed about the actual status of the representation, and by failing to explain to the client the need to timely appeal the denial of unemployment benefits.

The Commission and Respondent agree that a public reprimand is an appropriate disciplinary measure in this case. They also agree that several factors mitigate in Respondent's favor, most notably the fact that Respondent did contact the client's union, and thereafter communicated the result of such contact with the client, and that Respondent made other efforts to resecure his client's employment. However, even though Respondent took at least some action on behalf of his client, the overall picture emerging from this case is one of consistent neglect. A client employs an attorney for his services, and not to have his problems compounded by delay and neglect. *In re Roemer* (1983), Ind., 455 N.E.2d 1123, 1125. Respondent's inadequate service did nothing to alleviate his client's problems.

The parties also stipulate that Respondent's refund of $100.00 of the retainer is a mitigating factor. We attribute some extenuating utility to this fact. We also note that Respondent now recognizes that he failed to adequately communicate with his client.

Respondent is no stranger to the disciplinary process. *See In re Stivers* (1983), Ind., 450 N.E.2d 531 (thirty day suspension imposed for two instances of neglect of client matters); *In re Stivers* (1987), Ind., 516 N.E.2d 1066 (public reprimand for entering a contingency fee agreement in a criminal case). However, given the isolated nature of the misconduct at issue here, the mitigating factors presented, and our interest in fostering resolution of disciplinary matters by agreement, we accept the agreed sanction.

Accordingly, Respondent R. Victor Stivers is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against Respondent.