**In the Matter of Raymond Victor STIVERS.**

No. 49S00–9512–DI–1344.

Supreme Court of Indiana.

Aug. 22, 1997.

Duge Butler, Butler Hahn Little & Hill, Indianapolis, for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, Raymond Victor Stivers, has been charged with violating the *Rules of Professional Conduct for Attorneys at Law* by failing to properly maintain funds held in trust for a client. This Court appointed a hearing officer pursuant to Indiana Admission and Discipline Rule 23, Section 11(b), who, after accepting the parties' stipulated facts, tendered his report to this Court, therein finding misconduct.[1] This case is now before us for final resolution.

---

1. Although the respondent petitioned this Court for review of the hearing officer's report, we find that the submission was not timely filed pursuant to Ind.Admission and Discipline Rule 23(15). Accordingly, we will resolve this matter as if no petition for review had been filed.

The respondent was admitted to the bar of this state in 1967 and is thus subject to this Court's disciplinary jurisdiction. We now find that in January 1992, the respondent was retained by a client to set aside a dissolution decree which had been entered on October 4, 1991. The client and the respondent agreed on a fee of $500 for the representation. The client paid the fee in cash installments which the respondent deposited into the "R. Victor Stivers Trust Account" (hereinafter the "trust account"), which was the respondent's sole client trust account.

On January 24, 1992, the respondent filed a petition to set aside the dissolution order. The client later agreed to have a transcript of the final dissolution hearing prepared for the respondent's use in setting aside the dissolution decree. The court reporter estimated the cost of preparing the transcript at $420. On March 2, 1992, the client paid the respondent $300, and on April 1, paid an additional $120 as advance payment for the cost of the transcript. The respondent deposited the payments into his trust account. Before the scheduled hearing on the respondent's motion to set aside the dissolution decree, the client informed the respondent that he was seeking a new attorney. The respondent advised the court reporter to halt preparation of the transcript. On September 16, 1992, the court reporter sent the respondent the partially-completed transcript along with an invoice for $91.50 for the work done.

Between July 28, 1992, and July 6, 1993, a period after the respondent deposited the client's funds and before he dispersed them to the client and the court reporter, the account's balance fell below $420 on 90 days. Between March 31, 1992, and August 31, 1995, 40 bank service charges, totaling $486.47, were assessed against the trust account. The respondent never reimbursed the trust account for these charges.

On February 15, 1996, nearly three years after receiving payment for the transcript and 14 months after the Commission filed a *Verified Complaint for Disciplinary Action* in this case, the respondent refunded to the client the unused portion of the advance transcript payment and paid the court reporter for the partial transcript.

■ We now find that the respondent violated Ind.Professional Conduct Rules 8.4(b) and 8.4(c) by converting his client's funds to his own use in that he used them to satisfy the monthly bank service charges.[2] By failing to return the remainder of the advance transcript preparation money to his client after the termination of the representation, the respondent violated Prof.Cond.R. 1.16(d).[3] The hearing officer also found that the respondent violated Prof.Cond.R. 1.15(a) by failing to hold client funds separate from his own property.[4] The stipulated facts indicate that payment of bank service charges depleted the client's entrusted funds. However, it is also stipulated that between July 28, 1992, and July 6, 1993, the account balance was at various times more than $420. Implicit in that fact is that other funds were deposited into the account, but the record does not indicate that those funds were the respondent's. We therefore do not find that the record is sufficient to find that the respondent violated Prof.Cond.R. 1.15(a), which requires lawyers to keep clients' property that is in lawyers' possession in connection

---

2. Professional Conduct Rule 8.4(b) provides:

   It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer.

   Professional Conduct Rule 8.4(c) provides:

   It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

3. Professional Conduct Rule 1.16(d) provides, in relevant part:

   Upon termination of representation, a lawyer shall take steps to the extent reasonably practica-

ble to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

4. Both the *Verified Complaint* and the hearing officer's report state that the respondent violated Prof.Cond.R. 1.15(b) by failing to hold the property of clients separate from his own property. Since that phrase is contained in subsection (a), and not subsection (b), of Prof.Cond.R. 1.15, we conclude that the reference to subsection (b) was an inadvertent typographical error.

with a representation separate from their own.

■ We must now assess an appropriate discipline for the respondent's misconduct. We consider several factors while ascertaining an appropriate sanction, including the nature of the misconduct, the lawyer's state of mind which underlies the misconduct, actual or potential injury flowing from the misconduct, the duty of this Court to preserve the integrity of the profession, the risk to the public in allowing the respondent to continue in practice, and any mitigating or aggravating factors. *In re Heamon*, 622 N.E.2d 484 (Ind.1993). The hearing officer found several aggravating factors. Foremost is the respondent's extensive disciplinary history before this Court. *See In re Stivers*, 450 N.E.2d 531 (Ind.1983) (thirty day suspension imposed for two counts of neglect of client matters); *In re Stivers*, 516 N.E.2d 1066 (Ind.1987) (public reprimand for entering a contingency fee agreement in a criminal case); *In re Stivers*, 648 N.E.2d 1147 (Ind. 1995) (public reprimand for neglect and failing to keep his client reasonably informed). The hearing officer further found that the respondent has continued a pattern of misconduct despite substantial experience in the practice of law. He found no factors in mitigation.

The respondent's blatant mishandling of his client's funds and prolonged failure to return the funds reflects indifference to his client's interests. For misconduct such as that which occurred in this case, this Court customarily imposes a modest sanction. However, prior sanctions have not caused the respondent to reevaluate his conduct or to make a genuine effort to abide by the *Rules of Professional Conduct*. We therefore conclude that a lengthy suspension is now required to protect the public and to demonstrate our intolerance of the respondent's behavior.

Accordingly, the respondent, Raymond Victor Stivers, is hereby suspended from the practice of law for a period of not less than two (2) years, beginning September 29, 1997, for the misconduct set out above. In order to be reinstated, the respondent must comply with the provisions of Admis.Disc.R. 23(4) and pay the costs of this proceeding.